UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:22-cr-197-KKM-AEP
18 U.S.C. § 2251(a)
18 U.S.C. § 2422(b)
18 U.S.C. § 2252(a)(2)

MARK ANTHONY PETERSON

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about February 25, 2018, in the Middle District of Florida, and elsewhere, the defendant,

MARK ANTHONY PETERSON,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO

Between on or about October 2017, and continuing through on or about August 2019, in the Middle District of Florida, and elsewhere, the defendant,

MARK ANTHONY PETERSON,

using a facility and means of interstate and foreign commerce, that is, a cellular telephone and computer via the Internet, did knowingly persuade, induce, entice, and coerce an individual, H.G., who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense under the laws of the State of Florida, that is, the crime sexual performance of a child, in violation of Fla. Stat. § 827.071(2) and (3).

In violation 18 U.S.C. § 2422(b).

## COUNT THREE

On or about September 12, 2020, in the Middle District of Florida, and elsewhere, the defendant,

MARK ANTHONY PETERSON,

did knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce and that contained materials that had been shipped and transported in and affecting interstate and foreign commerce when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT FOUR

On or about September 12, 2020, in the Middle District of Florida, and elsewhere, the defendant,

MARK ANTHONY PETERSON,

did knowingly receive a visual depiction using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce and that contained materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## FORFEITURE

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2. Upon conviction of a violation of 18 U.S.C. §§ 2251 and/or 2252, the defendant,

MARK ANTHONY PETERSON,

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction,

3

which was produced, transported, mailed, shipped, or received in violation of chapter 110;

      b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

      c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

    3.    Upon conviction of a violation of 18 U.S.C. § 2422, the defendant,

MARK ANTHONY PETERSON,

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

    4.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

                                                  A TRUE BILL,

                                                  _____

                                                  Foreperson

ROGER B. HANDBERG
United States Attorney

By:   _____
      Ilyssa M. Spergel
      Assistant United States Attorney

By:   _____
      Stacie B. Harris
      Assistant United States Attorney
      Chief, Special Victims Section

FORM OBD-34
May 22

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

MARK ANTHONY PETERSON

## INDICTMENT

Violations: 18 U.S.C. § 2251(a)
18 U.S.C. § 2422(b)
18 U.S.C. § 2252(a)(2)

A true bill,

███████████████
Foreperson

Filed in open court this 1st day

of June, 2022.

_____
Clerk

Bail $_____

GPO 863 525