AF Approval _KL for SCN_                         Chief Approval _ABAL_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 8:22-cr-197-KKM-AEP

MARK ANTHONY PETERSON

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B.

Handberg, United States Attorney for the Middle District of Florida, and the

defendant, MARK ANTHONY PETERSON, and the attorney for the defendant,

Adrian Burden, mutually agree as follows:

**A.    Particularized Terms**

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Three of the

Indictment. Count One charges the defendant with production of child pornography,

in violation of 18 U.S.C. § 2251(a) and (3). Count Three charges the defendant with

distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

2. Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of

15 years up to 30 years, a maximum fine of $250,000, a term of supervised release of

at least 5 years to life, and a special assessment of $100 per felony count for individuals.

Count Three is punishable by a mandatory term of imprisonment of 5 years up to 20

Defendant's Initials _MP_

years, a maximum fine of $250,000, a term of supervised release of at least 5 years to life. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.  Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:      An actual minor, that is, a real person who was less
            than 18 years old, was depicted;

Second:     The defendant employed, used, persuaded, induced
            enticed, and coerced the minor to engage in sexually
            explicit conduct for the purpose of producing a visual
            depiction of the conduct; and

Third:      the defendant knew or had reason to know that the
            visual depiction would be transported or transmitted
            in interstate or foreign commerce and the visual
            depiction was transported or transmitted in interstate
            or foreign commerce by any means, including by
            computer.

The elements of Count Three are:

First:      the defendant knowingly distributed a visual depiction;

Second:     the depiction was shipped or transported using any means
            and facility of interstate and foreign commerce or shipped
            and transported in and affecting interstate and foreign
            commerce;

Third:      producing the visual depiction involved using a minor
            engaged in sexually explicit conduct;

Fourth:     the depiction is of a minor engaged in sexually explicit
            conduct;

Fifth:      the defendant knew that at least one performer in the visual
            depiction was a minor and knew that the depiction showed the
            minor engaged in sexually explicit conduct.

### 4. Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Counts

Two and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

### 5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for

the Middle District of Florida agrees not to charge defendant with committing any

other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

### 6. Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

### 7. Restitution to Persons Other Than the Victim of the Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663(a)(3) and/or 3663A(a)(3), the defendant agrees to make full restitution for the full amount of the victims' losses as determined by the Court. The known victims include the following: Raven & Teal Pink Princess series, Sweet white sugar series, A.P., C.P. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

### 8. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the

Defendant's Initials ___MP___          4

Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an iPhone, black micro-SD card 16 GB, black computer tower, which assets were used in the commission of the crimes.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the

judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

Defendant's Initials _MP_                    7

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability

Defendant's Initials _MJ_                     8

of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

11. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the

Defendant's Initials _MD_                9

destruction of: silver hitachi hard drive, black patriot hard drive, ONN flash drive,

 ~~Wintec Filemate USB~~.

### 12. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

### B.  **Standard Terms and Conditions**

1.  Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts

Defendant's Initials ___MD___          10

charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _MD_                    11

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the

Defendant's Initials _MO___          12

United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether

Defendant's Initials _MD_          13

or not such decision is consistent with the government's recommendations contained herein.

       7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

       8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and

Defendant's Initials _MD_          15

if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

In February 2018, the defendant, Mark Anthony Peterson, enticed, induced and coerced a 16-year-old minor, H.G., to produce images and videos of herself engaged in sexual activity. The images and videos were transmitted to the defendant, located in the Middle District of Florida, through use of the internet through the Facebook social media application, a means and facility of interstate and foreign commerce. On January 5, 2018, Peterson acknowledged that H.G. was a minor within their conversations, stating "we are meant for each other despite our ages, aren't we." On January 9, 2018, H.G. told Peterson, "do you want to know why I'm afraid to date you? because you tell me if I leave you'll kill yourself."

Defendant's Initials _MP_                    16

On February 25, 2018, Peterson stated: "you have to show daddy. And make him cum." H.G. ultimately sent him a photograph on that date of a close up of her genitalia. On February 26, 2018, they have a graphic conversation discussing having sexual relations. H.G sent two close up pictures of her genital area. She then sent a video of a closeup of her genitals while urinating.

| | |
|---|---|
| Peterson: | Princess, you know what you have to do to get what you want |
| H.G.: | Remind me |
| Peterson: | you have to show daddy |
| Peterson: | and make him cum |
| H.G.: | *pouts* I can't show tonight |
| H.G.: | Haley sent a sticker |
| Peterson: | why not princess Your period? |
| H.G.: | yeah |
| H.G.: | and sister |
| Peterson: | that turns me on rn |
| Peterson: | use the bathroom |
| H.G.: | Baby |
| H.G.: | how bad you need it? |
| Peterson: | Really bad But |
| H.G.: | Fiiiiiinnnnneeeee |
| Peterson: | Mmmmmmhhhh |
| Peterson: | Thank you princess |
| Peterson: | Daddies little girl |
| H.G: | Shhh |
| H.G: | [image-693870564335019] [close up of female genitalia] |
| H.G: | ew |
| Peterson: | Mmmmmhhh |
| Peterson: | Fuck |
| H.G: | H.G sent a voice message |
| Peterson: | I would eat you rn |
| H.G.: | H.G. sent a sticker |
| Peterson: | Don't wipe yet |
| H.G.: | too late |

Defendant's Initials  m̃Ọ                    17

| Peterson: | damn |
| H.G.: | I'm tired |
| Peterson: | oh |

On September 12, 2020, the defendant also distributed images of child pornography through use of the internet, over the Discord application. Discord provided subscriber information associated with the defendant through an email account and IP addresses that traced back to the Tampa Bay area, in the Middle District of Florida. The following conversation occurred before discord user "deleted user", determined to be Peterson, shared images of children being sexually abused:

| Author ID | Timestamp | Username | Contents |
|---|---|---|---|
| 610527432457322496 | 2020-06-24 | Lou.z33#1670 | Got anymore pics of your cousin? |
| 725336193314586684 | 2020-06-24 | Deleted User dd848585#3622 | I do[1] |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | Send? |
| 725336193314586684 | 2020-06-26 | Deleted User dd848585#3622 | What will I get in return? |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | Depends got any good lude pics of her? |
| 725336193314586684 | 2020-06-26 | Deleted User dd848585#3622 | I have vids too |
| 725336193314586684 | 2020-06-26 | Deleted User dd848585#3622 | What's in it for me? |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | Lude photos of girls I have. |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | Sound fair? |
| 725336193314586684 | 2020-06-26 | Deleted User dd848585#3622 | What relation? |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | Cousins |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | Sound fair enough? |
| 725336193314586684 | 2020-06-26 | Deleted User dd848585#3622 | You have any daughters? |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | No |

---

[1] While Peterson references his cousins in the conversations, none of the images/videos sent by Peterson appear to depict his cousins.

| | | | |
|---|---|---|---|
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | You? |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | Sooooo. |
| 725336193314586684 | 2020-06-26 | Deleted User dd848585#3622 | Sorry, I've been busy |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | So trade? |
| 610527432457322496 | 2020-06-26 | Lou.z33#1670 | Got Kik? |
| 725336193314586684 | 2020-06-27 | Deleted User dd848585#3622 | No kik but I will set up a Wickr |
| 725336193314586684 | 2020-08-24 | Deleted User dd848585#3622 | You have young girls? |
| 610527432457322496 | 2020-08-30 | Lou.z33#1670 | How young? |
| 725336193314586684 | 2020-08-31 | Deleted User dd848585#3622 | Young ☺ |
| 725336193314586684 | 2020-08-31 | Deleted User dd848585#3622 | I'll make it worth your while |
| 725336193314586684 | 2020-09-04 | Deleted User dd848585#3622 | ?? |
| 610527432457322496 | 2020-09-08 | Lou.z33#1670 | What do you have though |
| 610527432457322496 | 2020-09-08 | Lou.z33#1670 | I've got extremely young so make it worth my while |
| 725336193314586684 | 2020-09-09 | Deleted User dd848585#3622 | I have some original content of my cousin when she was young |
| 725336193314586684 | 2020-09-09 | Deleted User dd848585#3622 | You have any videos? |
| 610527432457322496 | 2020-09-11 | Lou.z33#1670 | Ok are you ready for what I'm going to send you? |
| 610527432457322496 | 2020-09-11 | Lou.z33#1670 | Here's a little something |

An example of one of the images distributed by Peterson is as follows:

https%3A//cdn.discordapp.com/attachments/725406267388199036/754193064813133934/image0.gif: Can be described as a gif video file depicting a prepubescent female (appearing to be under five years of age) who is standing in front of a male whose erect penis she is holding in her mouth. The male ejaculates into her mouth.

A search warrant was executed at Peterson's residence and an iPhone was recovered which had evidence of the Discord user "deleted user." A micro-SD 16 GB drive was recovered, which contained images of child pornography. A black computer

tower, containing three hard-drives, was also recovered with contained videos of child pornography, as well as images of H.G. The images and videos recovered in this case were sent to the National Center for Missing and Exploited Children (NCMEC), which has currently identified 17 images and 2 videos from 16 known series. The images of the victims identified by NCMEC originated from a variety of domestic and foreign locations outside the state of Florida.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___12___ day of ~~January~~ *May*, 2023.

ROGER B. HANDBERG
United States Attorney

Mark Anthony Peterson
Defendant

Ilyssa M. Spergel
Assistant United States Attorney

Adrian Burden, Esq.
Attorney for Defendant

Stacie B. Harris
Assistant United States Attorney
Chief, Special Victims

21

RECEIVED
MAY 15 2023
USAO - MDFL - TAMPA